UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JERRYLE SNIDER,
     Petitioner,

v.

UNITED STATES OF AMERICA,
     Respondent.

PRISONER CASE
No. 10cv956 (MRK)

## RULING AND ORDER

Pending before the Court is *pro se* Petitioner Jerryl Snider's Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] pursuant to 28 U.S.C. § 2255. Mr. Snider has also filed a Motion for Extension of Time [doc. # 8] to file his § 2255 motion outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f)(1). Mr. Snider argues that due to extraordinary circumstances in his case, the one-year limitations period should be equitably tolled. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). For the reasons that follow, Mr. Snider's Motion for Extension of Time [doc. # 8] and his Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] are both DENIED.

### I.

The Court assumes the parties' familiarity with the underlying facts and with the procedural history of this case. The Court recites only the facts that are relevant to the issue of equitable tolling.

On December 9, 2008, Mr. Snider pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On March 30, 2009, the Court sentenced Mr. Snider to a 180-month term of imprisonment and a five-year term of supervised

release. Judgment was entered on the day of sentencing. Because Mr. Snider did not file a notice of appeal within ten days of his sentencing, his sentence became final on April 13, 2009. *See* Fed. R. App. P. 4(b)(1)(A);[1] *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("We . . . hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Thus, under AEDPA's one-year limitation period, *see* 28 U.S.C. § 2255(f)(1), Mr. Snider had until April 13, 2010 to file a motion to vacate, set aside, or correct his sentence pursuant to § 2255.

Mr. Snider did not file his § 2255 motion until June 17, 2010. Mr. Snider explains that he did not file the motion on time because he "was sentenced in state court on drug charges and later sentenced in federal court for the same type of conduct," and he maintains that "[f]or over [one] year while incarcerated, [he] tried to contact [his] court appointed attorney . . . and to get [his] sentencing transcripts." Mot. for Extension of Time [doc. # 8] at 2. According to Mr. Snider, his attorney "neither accepted [his] phone calls, nor responded to [his] letters." *Id.* Mr. Snider asserts that he was "totally incapacitated to perform any legal tasks" until he arrived at Federal Correctional Institution (FCI) Schuylkill in Minersville, Pennsylvania in late August 2009. *Id.* at 3.

Mr. Snider acknowledges that beginning in late August 2009, he had telephone access to his attorney, and was able to send his attorney a certified letter. *See id.* However, he claims that his attorney never signed for that letter. *See id.* Also beginning in late August 2009, Mr. Snider was able

---

[1] Effective December 1, 2009, a notice of appeal by a defendant in a criminal case "must be filed in the district court within fourteen days after the later of: (i) the entry of either judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). That fourteen-day period includes Saturdays, Sundays, and holidays. *See* Fed. R. App. P. 26(a)(1)(B). Under the prior version of Rule 4(b)(1)(A), a defendant had ten days to file a notice of appeal, excluding Saturdays, Sundays, and holidays. Under either version of Rule 4(b)(1)(A), Mr. Snider's sentence became final on April 13, 2009.

to send members of his family to his attorney's office and to have them call the attorney on his behalf. *See id.* He eventually decided that because his attorney was not responsive, "it was necessary to protect [his] own rights and petition the court to acquire the [sentencing] transcripts." *Id.*

Mr. Snider claims that as soon as he arrived FCI Schuylkill and had access to a typewriter and law library he prepared and submitted a motion to acquire the sentencing transcripts "and started preparing [his] § 2255 petition." *See* Reply [doc. # 9] at 4. But in fact, Mr. Snider filed the motion seeking a copy of the sentencing transcripts in his criminal case on April 12, 2010, more than seven months after he arrived at FCI Schuylkill. *See* Mot. for Transcripts at Government Expense [doc. # 839], *United States v. Snider*, No. 3:07cr289 (MRK) (D. Conn. April 12, 2010). The Court granted his motion on April 13, 2010. *See United States v. Snider*, No. 3:07-cr-00289 (MRK) (D. Conn. April 13, 2010).

On May 21, 2010 – more than a month after the deadline for filing a § 2255 motion – Mr. Snider filed a motion for extension of time to file a 28 U.S.C. § 2255 motion in his criminal case. *See* Mot. for Extension of Time To File 28 U.S.C. Section 2255 Motion [doc. # 848], *United States v. Snider*, No. 3:07cr289 (MRK) (D. Conn. May 21, 2010). On May 25, 2010, the Court issued a decision explaining that "the only basis for the Court to enlarge his time to file would be if 'rare and exceptional circumstances' are presented," and noting that any extension of time had to be requested upon or after Mr. Snider's filing of a § 2255 motion. Ruling and Order [doc. # 849] at 1, *United States v. Snider*, No. 3:07-cr-00289 (MRK) (D. Conn. May 25, 2010). The Court denied the motion without prejudice to Mr. Snider's "arguing for equitable tolling at the time he files his [§ 2255] petition." *Id.*

On June 17, 2010, Mr. Snider filed the pending § 2255 motion. On August 31, 2010, the

3

Government filed a Memorandum in Opposition [doc. # 4] to Mr. Snider's motion. In its Memorandum in Opposition, the Government argues that Mr. Snider's motion is time-barred because it was not filed within AEDPA's one-year limitation period. *See* 28 U.S.C. § 2255(f)(1).[2] On September 22, 2010, Mr. Snider filed both a Reply [doc. # 9] to the Government's Memorandum in Opposition, and the pending Motion for Extension of Time. In both of those filings, Mr. Snider argues that the Court should "equitably toll the limitations period." *See* Reply [doc. # 9] at 4-10; Mot. for Extension of Time [doc. # 8] at 1-3.

When he filed his Motion for Extension of Time, Mr. Snider indicated that an affidavit from his family "to support [his] legal position" would follow. *See* Mot. for Extension of Time [doc. # 8] at 3. On September 24, 2010, the Court issued an Order [doc. # 10] directing Mr. Snider to file that affidavit no later than October 8, 2010. Mr. Snider has never filed any affidavit, and the Government has not responded to Mr. Snider's Motion for Extension of Time. Nonetheless, even if the facts alleged by Mr. Snider are true, they do not provide any legal basis for equitable tolling of the one-year limitation period. Both of the pending motions can therefore be resolved without the benefit of affidavits or a response to the Motion for Extension of Time.[3]

## II.

---

[2] The Government also argues that Mr. Snider "knowingly and voluntarily waived his right to collaterally attack his sentence." Mem. in Opp'n [doc. # 4] at 5-8. The Court need not and does not decide whether Mr. Snider's waiver of his right to collaterally attack his sentence provides an additional ground for denying the Motion to Vacate, Set Aside, or Correct Sentence.

[3] For the same reason, the Court has determined that there is no need for it to hold an evidentiary hearing on the issue of equitable tolling, even though the Court has the authority to hold such a hearing. *See Valverde v. Stinson*, 224 F.3d 129, 135 (2d Cir. 2000).

A federal prisoner who wishes to file a motion to vacate, set aside, or correct his sentence pursuant to § 2255 must do so within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see Green v. United States*, 260 F.3d 78, 80 (2d Cir. 2001). Where, as here, no direct appeal is ever filed, the judgment becomes final when the time for filing a direct appeal expires. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam). The judgment in Mr. Snider's case became final on April 13, 2009, and his deadline for filing a § 2255 motion case thus expired on April 13, 2010.

Although AEDPA's one-year limitation period is not jurisdictional, it may only be equitably tolled on the basis of "rare and exceptional circumstances." *Id.* at 82-83 (quotation marks omitted). The Second Circuit has explained:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

*Hizbullahankhamon*, 255 F.3d at 75 (internal quotation marks and citations omitted); *see also Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003).[4] Thus, Mr. Snider bears the burden

---

[4] Although a number of the decisions discussed in this Ruling and Order involved petitions for writs of habeas corpus filed by state prisoners, AEDPA imposes a similar one-year limitations period on state prisoner filings. *See* 28 U.S.C. § 2244(d)(1). The Second Circuit has applied the same equitable tolling principles to state prisoners and federal prisoners. *See Baldayaque*, 338 F.3d at 150; *Hizbullahankhamon*, 255 F.3d at 75.

of establishing that he is entitled to equitable tolling, and to carry that burden, he "must demonstrate [both] (1) that he pursued his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his application for federal habeas relief." *Adkins v. Warden*, 585 F. Supp. 2d 286, 295 (D. Conn. 2008), *aff'd*, 354 F. App'x 564 (2d Cir. 2009) (summary order).

Mr. Snider argues that several circumstances in his case are exceptional and justify equitable tolling: (1) Mr. Snider is "unlearned in matters of law," Mot. for Extension of Time [doc. # 8] at 2; (2) he needed his sentencing transcripts in order to accurately state what was said at his sentencing hearing; (3) during his first year of incarceration, while he was held at the county jail, he had trouble contacting his attorney about acquiring the sentencing transcripts; and (4) his attorney "avoided" Mr. Snider's family when Mr. Snider had his family contact the attorney on Mr. Snider's behalf. *Id.* However, in the Court's view, Mr. Snider has not shown that those circumstances were rare and exceptional. Furthermore, Mr. Snider has not shown that he pursued his rights diligently notwithstanding the circumstances. Therefore, he is not entitled to equitable tolling.

**A.**

Whether a circumstance is "extraordinary" for purposes of equitable tolling depends "not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). The Second Circuit has seldom found circumstances sufficiently extraordinary to warrant equitable tolling. *See Adkins*, 585 F. Supp. 2d at 296. The few rare exceptions involved a correctional officer's intentional confiscation of a state prisoner's habeas petition shortly before the filing deadline, *see Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000); an attorney's egregious failure to file a § 2255 motion on a federal prisoner's

behalf, despite explicit directions from his client to do so, *see Baldayaque*, 338 F.3d at 150-53; and a state appellate court's failure to inform a state prisoner that it had denied his request for leave to appeal. *See Diaz*, 515 F.3d at 154-55.

The circumstances in those cases were unusual in that they completely prevented the prisoners from filing their habeas petitions or § 2255 motions in a timely fashion. By contrast, the circumstances Mr. Snider faced – difficulty contacting his attorney and unfamiliarity with legal matters – are consistent with the ordinary inconveniences experienced by all prisoners. "[T]he difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, [generally] do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *see also Adkins*, 585 F. Supp. 2d at 296 (collecting cases). This is not to say that such inconveniences can never amount to extraordinary circumstances. But in order to amount to extraordinary circumstances, those types of difficulties would have to have presented Mr. Snider with significant obstacle and would have to have in effect prevented him from filing his § 2255 motion in a timely manner. *See Diaz*, 515 F.3d at 154. As the Court discusses below, the difficulties Mr. Snider experienced in this case would not have prevented him from filing within the one-year limitation period if he had exercised reasonable diligence.

In any case, the Court is not convinced that Mr. Snider's difficulty in contacting his attorney rose to the level of an extraordinary circumstance. It is Mr. Snider's burden to show extraordinary circumstances. It is not at all clear from his motion and brief how many calls Mr. Snider placed to his attorney while he was incarcerated in the county jail, how many letters he sent to his attorney during that time period, or when he placed those calls and sent those letters. Additionally, Mr. Snider

7

concedes that once he arrived at FCI-Schuylkill he had "access . . . to phone connections" that allowed him to reach his attorney by phone. *See* Mot. for Extension of Time [doc. # 8] at 3. While the alleged failure of Mr. Snider's attorney to sign for a certified letter sent by Mr. Snider is troubling, Mr. Snider has not specified the date on which he sent that letter. Finally, although Mr. Snider indicated in his Motion for Extension of Time that his family would complete an affidavit that provided additional support for his contentions regarding his "extraordinary circumstances," Mr. Snider never submitted a supporting affidavit from his family or anyone else. Thus, the Court must conclude that Mr. Snider has failed to carry his burden of demonstrating extraordinary circumstances warranting equitable tolling.

**B.**

Because Mr. Snider has not demonstrated that he faced any extraordinary circumstances that prevented him from filing his § 2255 motion on time, it is not necessary for the Court to reach the issue of reasonable diligence. However, for purposes of completeness, the Court will rule on that issue as well. Although the Second Circuit's standard requires a prisoner to show that he exercised reasonable diligence, the standard does "not [require a showing of] extreme diligence or exceptional diligence." *Baldayaque*, 338 F.3d at 153 (quotation marks omitted). The question this Court must ask is: "[D]id the petitioner act as diligently as reasonably could have been expected *under the circumstances*?" *Id.* In determining whether a petitioner has been reasonably diligent, "th[is] Court examines the petitioner's diligence not only during the time he seeks to have equitably tolled but also during the time up to and including the date of filing." *Adkins*, 585 F. Supp. 2d at 300. The Second Circuit has advised district courts in this Circuit that a petitioner "is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition."

8

*Valverde*, 224 F.3d at 136. However, a district court may take such timing into consideration. *See Belot v. Burge*, 490 F.3d 201, 207-08 (2d Cir. 2007).

Mr. Snider himself admits that he had access to legal materials and had the ability to contact his attorney by telephone as early as August 2009. Once he was transferred to FCI Schuylkill, Mr. Snider "ha[d] access to a typewriter, the [Court's] address, a copy machine, legal envelopes, and a library to do research." Mot. for Extension of Time [doc. # 8] at 2. Yet Mr. Snider did not file a request with this Court for transcripts of his sentencing hearing until April 12, 2010. There was nothing that prevented Mr. Snider from requesting the transcripts many months earlier. For that reason alone, Mr. Snider did not "act as reasonably as could have been expected under the circumstances." *Baldayaque*, 338 F.3d at 153. Moreover, Mr. Snider could have started preparing his § 2255 motion even without access to the transcript of the sentencing hearing. He could also have submitted an "unpolished petition within the allotted time." *Belot*, 490 F.3d at 108. For those additional reasons, the Court finds that Mr. Snider did not act with reasonable diligence, and that he is not entitled to equitable tolling.

### III.

In sum, the Court concludes that under all of the circumstances presented, there is no basis to for the Court to extend Mr. Snider's time to file a § 2255 motion. *See Green*, 260 F.3d at 82-83 ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if . . . 'rare and exceptional' circumstances warrant equitably tolling . . . ."). Mr. Snider's Motion for Extension of Time [doc. # 8] and his Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] are therefore both **DENIED**. Because reasonable jurists would not find it debatable that Mr. Snider's § 2255 motion is time-barred and that there is no ground for equitable tolling of the one-year

limitation period, the Court declines to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). **The Clerk is directed to close this file.**

                               IT IS SO ORDERED.

                               _____Mark R. Kravitz_____
                               United States District Judge

**Dated at New Haven, Connecticut: February 16, 2011.**